UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KRYSTAL N. THOMAS,

                      Plaintiff,

              -against-

BRETT BELFEDER; SODEXO; HEALTH + HOSPITALS/WOODHULL,

                    Defendants.

1:26-CV-2964 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Krystal N. Thomas, of Jamaica, Queens County, New York, filed this *pro se* action asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Family and Medical Leave Act of 1993 ("FMLA"). She sues: (1) Brett Belfeder; (2) Sodexo, which appears to be a company; and (3) Health + Hospitals/Woodhull ("Woodhull"), a public hospital located in Brooklyn, Kings County, New York. In Plaintiff's amended complaint (ECF 5), which is the operative pleading for this action, Plaintiff seeks injunctive relief and damages. For the reasons discussed in this order, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the applicable venue provision for Plaintiff's claims under Title VII, such claims may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be

brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Plaintiff alleges that her place of employment is at Woodhull, in Brooklyn, Kings County, New York, which lies within the Eastern District of New York, *see* 28 U.S.C. § 112(c), not within this judicial district.[1] That being said, under one provision of Section 2000e-5(f)(3), this court, the United States District Court for the Eastern District of New York, and the other two federal district courts within the State of New York, *see* § 112(a)-(d), are all proper venues for Plaintiff's claims under Title VII.

In addition, as it appears that the employment records relevant to such practices are maintained and administered at Woodhull, in the Eastern District of New York, and/or at Sodexo's office in New York, New York (ECF 5, at 3, 6), within this judicial district, this court and the United States District Court for the Eastern District of New York are proper venues for such claims under additional abovementioned provisions of Section 2000e-5(f)(3).

Claims under the FMLA, however, are governed by the general venue provision at 28 U.S.C. § 1391(b). *See Rosol v. N.Y.C. Hous. Auth.*, No. 1:25-CV-5183 (JMF), 2025 WL 1808897, at *1-2 (S.D.N.Y. July 1, 2025). Under Section 1391(b), unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under that provision, a "natural person" resides in the judicial district where the person is domiciled, and any other entity with the capacity to sue and be sued, if a defendant, resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(1), (2).

While Woodhull resides in the Eastern District of New York and Sodexo resides in this judicial district, Plaintiff does not allege where Belfeder resides. Thus, it is unclear whether this court is a proper venue for Plaintiff's FMLA claims under Section 1391(b)(1).

Plaintiff seems to allege, however, that a substantial portion of the alleged events that are the basis for her claims occurred at Woodhull, in Kings County. (ECF 5, at 9-10, 13-15; ECF 5-2, at 2-4.) Thus, because Kings County lies within the Eastern District of New York, *see* § 112(c), under Section 1391(b)(2), the United States District Court for the Eastern District of New York is a proper venue for Plaintiff's claims under the FMLA. Plaintiff's complaint does not suggest that a substantial portion of the alleged events took place within this judicial district. Thus, it is not clear that this court is a proper venue for such claims under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law;

3

(8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. Plaintiff's complaint alleges that a substantial portion of the alleged events took place within the Eastern District of New York. Thus, it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the Eastern District of New York, which is a proper venue for all of Plaintiff's claims, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    April 29, 2026
          New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge